IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-HC-2191-D

| | | |
|---|---|---|
| KEITH D. PHILLIPS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THOMAS SMITH, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

On August 2, 2016, Keith D. Phillips ("Phillips"), a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1] and several exhibits [D.E. 1-2]. Phillips challenges the outcome of a disciplinary proceeding that resulted in the loss of good-time credits. On November 28, 2016, Magistrate Numbers reviewed Phillips's petition pursuant to 28 U.S.C. § 2243 and allowed the petition to proceed [D.E. 11].

On January 5, 2017, respondent filed a motion to dismiss [D.E. 16], along with an exhibit [D.E. 17-1]. On January 24, 2017, Phillips responded with additional exhibits [D.E. 19]. Because the parties attached materials that are outside the scope of the pleadings, Magistrate Judge Numbers construed respondent's motion as a request for summary judgment, and allowed Phillips additional time to file any further materials. See [D.E. 24]; Fed. R. Civ. P. 12(d). On August 14, 2017, Phillips filed a supplemental response to the motion for summary judgment, together with additional exhibits [D.E. 29]. On the same date, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") and recommended that the court grant respondent's motion for summary judgment and dismiss the petition [D.E. 30]. On September 1, 2017, Phillips filed objections [D.E. 31].

"The Federal Magistrates Act requires a district court to make a de novo determination of those

portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (emphasis and quotation omitted).

The court has reviewed the M&R, the record, and Williams's objections. As for those portions of the M&R to which Williams made no objection, the court concludes that there is no clear error on the face of the record.

To the extent Williams continues to press his wholly unsupported (and eleventh-hour) assertion that he did not receive a copy of the incident report until September 10, 2015, the day of the disciplinary hearing, see Objs. [D.E. 31] 1, the record demonstrates that he received a copy of the incident report on September 8, 2015. See Pet., Exs. [D.E. 1-2] 1, 14, 43; Pet'r's Resp. Opp'n Mot. Summ. J. [D.E. 29] 6; see also Resp't's Mot. Summ. J., Exs. [D.E. 17-1] 7; cf. Pet'r's Resp. Opp'n Mot. Dismiss [D.E. 19] 1–2. However, even if the court accepts Phillips's contention, " the record

2

indicates he was not prejudiced[]" by the alleged error. Brennan v. United States, 646 F. App'x 662, 667 (10th Cir. 2016) (unpublished); Ard v. Hanks, 67 F. App'x 946, 949 (7th Cir. 2003) (per curiam) (unpublished). Phillips's remaining objections reiterate arguments stated in his petition and in opposition to summary judgment, and his objections do not meaningfully rebut Judge Numbers's recommendations. Compare Pet. [D.E. 1] and Pet'r's Resp. Opp'n Mot. Dismiss [D.E. 19] and Pet'r's Resp. Opp'n Mot. Summ. J. [D.E. 29], with Objs. [D.E. 31]. Because Williams's boilerplate objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells, 109 F.3d at 200–01; Orpiano, 687 F.2d at 47. Alternatively, even if de novo review is required, the objections lack merit and are overruled. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 563–66 (1974); Superintendent v. Hill, 472 U.S. 445, 454 (1985); Baker v. Lyles, 904 F.2d 925, 932–34 (4th Cir. 1990).

In sum, after reviewing the M&R, the record, and Williams's objections, the court agrees with the legal conclusions in the M&R. Accordingly, Williams's objections [D.E. 31] are OVERRULED, and the court adopts the conclusions in the M&R [D.E. 30]. The court GRANTS respondent's motion for summary judgment [D.E. 16], and DISMISSES petitioner's application for a writ of habeas corpus [D.E. 1]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The clerk shall close the case.

SO ORDERED. This 20 day of September 2017.

JAMES C. DEVER III
Chief United States District Judge

3